LITCH v. THE PEOPLE EX REL. THE TOWN OF STERLING.

**Statutory Construction—Service of Process—Disqualification of Sheriff.**

Section 869 Mills' Ann. Stats., which provides that whenever any party, his agent or attorney, shall make and file with the clerk of the proper court an affidavit stating that he believes that the sheriff will not, by reason of either partiality, prejudice, consanguinity or interest, faithfully perform his duties in any suit commenced or about to be commenced in such court, the clerk shall issue process in such suit to the coroner, who shall execute the same, is mandatory; and the fact that a party filed with his affidavit a motion addressed to the court did not authorize the opposing party to file counter-affidavits, nor authorize the court to exercise its discretion in granting or refusing such motion.

*Appeal from the County Court of Logan County.*

Messrs. ALLEN & WEBSTER and Mr. H. E. MUNSON, for appellant.

Mr. GEO. E. McCONLEY, for appellee.

MAXWELL, J.

The appellant was prosecuted before the police magistrate of the town of Sterling for the violation of "An ordinance concerning the selling and giving away of intoxicating malt, vinous, mixed or fermented liquors." He was convicted, fined, prosecuted an appeal to the county court, where the case was tried to a jury, and he was again found guilty and a fine of $50.00 assessed by the jury, upon which judgment was rendered, from which this appeal.

In the county court, before the jury was summoned, appellant filed his motion to have the coroner summon the jury, and supported such motion by his affidavit, in which he swears that he believes, is informed, and states the fact to be, that the sheriff of the county is so partial, biased and prejudiced, and

has such an interest in the case, that it would be impossible for him (appellant) to have an impartial jury selected by the sheriff.

The attorney for appellee and the sheriff filed counter-affidavits. The court overruled appellant's motion, to which ruling an exception was saved and error is assigned thereon.

Mills' Ann. Stats., section 869, provides: "Whenever any party, his agent or attorney, shall make and file with the clerk of the proper court an affidavit stating that he believes that the sheriff of such county will not, by reason of either partiality, prejudice, consanguinity or interest, faithfully perform his duties in any suit commenced or about to be commenced in said court, the clerk shall direct the original or other process in such suit to the coroner, who shall execute the same in like manner as the sheriff might or ought to have done."

It is said that, appellant having filed his motion, addressed to the court, supported by his affidavit, therefore appellee might meet the same by counter-affidavits; that the court might then, in the exercise of its discretion, grant or refuse the motion, and this court should not review the exercise of such discretion.

We do not agree with this contention.

The foregoing statute is mandatory, and in this respect differs from like statutory provisions to the effect "that where it shall appear" that the sheriff is prejudiced, the court may order the summons or other process to be served by the coroner.

The affidavit required by the statute having been filed with the clerk, it was his duty to issue the process—*venire*—to the coroner.

The court erred in overruling the motion of appellant, and for this error the judgment will be reversed.                    *Reversed.*